UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

WILLIE R. POWELL,

    Petitioner,

v.                                                                             CASE NO. 6:14-cv-664-Orl-36DAB

SECRETARY, DEPARTMENT
 OF CORRECTIONS, et al.,

    Respondents.
_____/

## ORDER

Petitioner initiated this action for habeas corpus relief pursuant to 28 U.S.C. § 2254. *See* Doc. No. 1. Petitioner currently has pending a Rule 3.850 motion in the state court, which concerns the judgment and sentence under attack in this case. *Id*. at 3. The Court entered an Order requiring Petitioner to show cause why this case should not be dismissed in light of his pending Rule 3.850 proceeding in state court (Doc. No. 10), and Petitioner filed a response (Doc. No. 11).

The Court must dismiss petitions that contain both exhausted and unexhausted claims. *Rose v. Lundy*, 455 U.S. 509, 510 (1982). Thus, when a federal habeas petition contains claims that are still pending in the state courts, and therefore unexhausted, the petition must be dismissed in order to provide the state courts with the opportunity to

resolve the pending claims. *See Horowitz v. Wainwright*, 709 F.2d 1403, 1404 (11th Cir. 1983) ("[t]he principles of comity that form the basis for the exhaustion requirement clearly would be violated by allowing [Petitioner] to simultaneously pursue [his] appeal in Florida state court and [his] Section 2254 petition[] in federal court."); *Durham v. Wyrick*, 545 F.2d 41, 43 (8th Cir. 1976) (claims asserted in a federal habeas petition, which were also pending before a state court in a motion for postconviction relief, were unexhausted). Having himself chosen to pursue collateral relief in State court, Petitioner may not now simultaneously maintain a federal writ, and his request to do so should therefore be rejected. As a result, the Court concludes that this case should be dismissed in light of the pending motion for postconviction relief with the state court.[1]

Petitioner has not specifically requested that the Court hold these proceedings in abeyance pending the disposition of his state court proceedings. However, in *Rhines v. Weber*, 544 U.S. 269, 277 (2005), the Supreme Court held that "stay and abeyance should be available only in limited circumstances" in section 2254 habeas actions. *Id*. at 277. The Court explained that stays of federal habeas cases frustrate the finality and streamlining purposes of federal habeas law. *Id*. Thus, a stay in this context is appropriate only where a petitioner has "good cause" for his failure to exhaust his

---

[1] Further, the pending state proceeding might result in the reversal of Petitioner's conviction and eliminate the federal question, thereby rendering any decision by this Court moot and wasting precious judicial resources. There is no indication that excessive delay has violated his right to due process or rendered state process ineffective, and Petitioner has not shown that existing circumstances render his available state remedies ineffective to protect his rights.

2

claims in state court. *Id*. Here, Petitioner has not demonstrated good cause, and a stay is not warranted.[2]

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1) is **DENIED** without prejudice, and this case is **DISMISSED WITHOUT PREJUDICE**.

2. The Clerk of the Court is directed to close this case and to enter judgment dismissing this case without prejudice.

**DONE AND ORDERED** in Chambers at Orlando, Florida, this 22nd day of May, 2014.

Charlene Edwards Honeywell
United States District Judge

Copies to:
OrlP-2 5/22
Willie R. Powell

---

[2]The Court notes that the time during which Petitioner's claims are pending in the state courts in a properly filed application for collateral review is excluded from the one year period of limitation under 28 U.S.C. § 2244(d)(2). However, the Court is not making a determination as to whether any future federal habeas corpus petition filed by Petitioner will be deemed timely.